DOMENGEAUX, Chief Judge.
In the early morning of September 28, 1980, two south bound vehicles, within minutes of each other, failed to negotiate a curve on H. Mouton Road in Lafayette Parish. Both vehicles came to rest on the right shoulder of the road. They did not collide.
Plaintiff, Donald J. Breaux, a guest passenger in the second vehicle, filed suit against his host driver, the driver of the first vehicle, the two drivers’ employer, and their respective insurers. After a bench trial, the district judge ruled in plaintiff’s favor against the host driver and his insurer in the amount of $119,500.88, but also concluded that the negligence of the first driver was not a cause in fact of the plaintiff’s injuries.[1] Both the plaintiff and his host driver appealed. We affirm.
The plaintiff guest passenger and the two drivers were all employees of Coiled Tubing, Inc., now known as Cudd Pressure Control. They had just left C.J.’s Lounge before the two accidents, which occurred shortly after midnight, and were en route to the Coiled Tubing office.
Keith Van Vlett, the driver of the first vehicle, testified he lost control of his car as it rounded the curve. Van Vlett admitted that he was speeding, going 45 miles per hour in a 35 miles per hour zone, and that his reactions were slowed by alcohol. He estimated that he had consumed at least ten beers between 8:00 P.M. and the time of his accident. Van Vlett was removed from the scene by ambulance. He stated he did not recall where his ear came to rest.
Randy Thibodeaux, plaintiff’s host driver, testified that he, too, approached the curve in excess of the speed limit, but he denied that he was under the influence of alcohol. The trial judge found, and we agree, that the record contains no proof that Thibodeaux was intoxicated.
On direct examination, Thibodeaux initially testified that as he approached the curve, he saw a car that was turned over with headlights “facing in the direction of the curve.” Thibodeaux stated he then applied his brakes and ran off the road be *225 cause he did not think he could stop in time to avoid hitting the car. However, later in his examination, he testified that he didn’t realize the car was turned over until he left the road and hit a ditch and that he did not apply his brakes, but rather downshifted one gear to reduce his speed.
Col. Joseph Andre, accepted by the court as an expert in accident reconstruction, reviewed the report of the investigating officer and conducted his own investigation at the scene four days after the accidents. After observing the condition of the shoulder and the damage to the Van Vlett vehicle, he concluded the Van Vlett vehicle came to rest partially parallel to the road on the right shoulder, on its side and facing the opposite direction in which it was travelling. In his opinion the headlights of the Van Vlett vehicle, one of which was damaged, would not have shined in Thibo-deaux’s lane of travel. He stated Thibo-deaux would have been able to see the one functioning headlight, but the beam itself would not have been pointed at Thibo-deaux’s traffic lane.
Col. Andre also identified a skid mark, which he attributed to the Thibodeaux vehicle, prior to the point where that vehicle left the road. In his opinion, this indicates the driver did see something and took evasive action before he left the road.
On rebuttal, the plaintiff called Sergeant Michael L. Minzey, the investigating officer. Minzey testified he approached the curve from the same direction as the two drivers. As he was coming into the curve, he noticed the lights from the Van Vlett vehicle cross the hood of his car. He stated that, had he been a passenger in the vehicle, the lights would have hit him directly in the face.
In written reasons for judgment, the trial court found that the sole cause of the plaintiff’s injuries was the negligence of his host driver, Randy Thibodeaux, in speeding, failing to maintain control of his vehicle and failing to keep a proper lookout. The court concluded that Van Vlett was clearly negligent in causing the first of these two accidents, but that his negligence was at rest when the second accident occurred. The trial judge specifically found “that the head lights of the Van Vlett vehicle were not shining in such a fashion as to mislead a prudent and careful oncoming driver.” After reviewing the record, we cannot say that this factual conclusion is manifestly erroneous.
The evidentiary basis for this finding is the expert testimony of Col. Joseph Andre. The rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. Lirette v. State Farm Insurance Co., 563 So.2d 850 (La.1990).
Plaintiff’s counsel vigorously traversed Col. Andre’s qualifications. However, it was brought out that the colonel has been testifying in this field since 1966 and has been qualified as an expert in accident reconstruction approximately 100 times in 26 parishes in this state. His opinion as to the paths of the vehicles and their final positions are based upon physical findings at the scene, such as tire marks and displaced earth on the road’s shoulder, which were documented by photographs in the record. We cannot say the reasons for Col. Andre’s opinions in this case are patently unsound. We, therefore, find no error in the trial court’s acceptance of Col. Andre’s testimony over that of Thibodeaux, which contained several inconsistencies, or that of Officer Minzey.
The court of appeal may not set aside a finding of fact by a trial court or jury in the absence of manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed one-half to appellant, Donald J. Breaux, and *226 one-half to appellants, Randy Thibodeaux and Casualty Reciprocal Exchange.
AFFIRMED.

. Judgment was rendered against Thibodeaux for the full amount of plaintiff’s damages and against Casualty Reciprocal Exchange for its policy limits of $5,000.00.